NOT DESIGNATED FOR PUBLICATION

Nos. 119,940
119,941

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AMBER D. PETERSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed September 20, 2019.
Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.


Before BRUNS, P.J., LEBEN, J., and BURGESS, S.J.


PER CURIAM: In these consolidated cases, Amber D. Peterson appeals from the
district court's refusal to reinstate her probation after revoking her probation. On appeal,
Peterson contends that the district court abused its discretion by requiring her to serve her
underlying sentence. Specifically, she argues that even though she committed a new
crime, the district court should have reinstated her probation because she accepted
responsibility for the new offense and recognizes that she needs treatment for a drug
addiction. Finding no abuse of discretion, we affirm the district court's decision.

1

FACTS

On February 2, 2017, Peterson entered a guilty plea in Sedgwick County Case No. 15 CR 3046 to nine counts of forgery. On the same day, Peterson also entered a guilty plea in Sedgwick County Case No. 17 CR 102 to seven additional counts of forgery. At her sentencing hearing, the district court imposed sentences of 15 months in each case and ordered them to run consecutive. However, the district court suspended the underlying sentence in favor of probation for a term of 18 months.

On November 20, 2017, Peterson acknowledged that she had violated the terms of her probation by testing positive for methamphetamine. She waived her right to a hearing and served a two-day jail sanction. Less than three months later, on February 5, 2018, the State moved to revoke Peterson's probation for various reasons, including testing positive for methamphetamine. On May 7, 2018, the State amended its motion to include an allegation that Peterson had committed new crimes of forgery and identity theft.

At a probation violation hearing held on May 23, 2018, Peterson waived her right to an evidentiary hearing and stipulated to violating the terms of her probation. Specifically, she stipulated to using drugs and committing the new crime of forgery. The district court accepted Peterson's stipulation and found she was in violation of the terms of her probation. After revoking her probation, the district court turned to the issue of disposition.

The State asked the district court to impose the underlying sentence. In support, the State noted Peterson's commission of a new crime as well as her repeated failure to address her substance abuse issues while on probation. In particular, the State noted that Peterson had failed to admit to a drug problem at the initial sentencing hearing, had failed to quickly seek outpatient therapy after her previous probation violation for drug use, and had twice tested positive for methamphetamine while on probation.

In response, Peterson asked the district court to reinstate her probation. In support, Peterson noted that she had accepted responsibility for her crimes. In addition, Peterson asserted her belief that she had been doing well on probation. Specifically, Peterson indicated that she had completed her community service and was maintaining full-time employment. Finally, Peterson acknowledged that she was suffering from a drug problem and stated that she wanted to receive treatment.

Ultimately, the district court decided to remand Peterson to the custody of the Department of Corrections to serve her underlying sentence. In reaching this decision, the district court found that incarceration was appropriate because Peterson had committed a new crime and had been unable to fulfill the requirements of her probation. The district court also found that due to the nature of Peterson's crimes, it was appropriate to protect the safety of the public, including keeping the public "financially safe." Finally, the district court noted that its responsibility to protect society outweighed Peterson's desire to remain on probation.

ANALYSIS

On appeal, Peterson contends that the district court abused its discretion by failing to reinstate probation. In particular, she argues that her probation should have been reinstated to allow her to seek drug treatment. The parties agree that we are to review the district court's denial of Peterson's request for reinstatement of probation under an abuse of discretion standard. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018). The party asserting the district court abused its discretion—in this case Peterson—bears the burden of showing such abuse of discretion. *State v. Smith-Parker*, 301 Kan. 132, 161, 340 P.3d 485 (2014).

Unless otherwise required by law, probation is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Here, because

Peterson stipulated to the commission of a new crime, the district court had the discretion to order her to serve her underlying sentence. K.S.A. 2018 Supp. 22-3716(c)(8)(A); see *State v. Skolaut*, 286 Kan. 219, 227-29, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion only if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016).

Based on our review of the record on appeal, we conclude that Peterson has failed to show that the district court abused its discretion by not granting her request to reinstate her probation. Although it appears that Peterson made some progress while on probation, she continued to use drugs and to commit new crimes. Under these circumstances, the district court was well within its discretion to impose Peterson's underlying sentence. Moreover, we do not find Peterson's public policy argument for reinstatement of her probation to be convincing.

We cannot ignore the fact that Peterson stipulated to violating the terms of her probation on two occasions or that the district court had already imposed the statutory intermediate sanctions. The record reflects that the district court gave her multiple opportunities to avoid serving her underlying sentence by complying with the terms of her probation. Instead of taking advantage of the opportunities that she was graciously given by the district court, Peterson continued to violate the terms of probation multiple times and in multiple ways.

In conclusion, we find the district court's decision to require Peterson to serve her underlying sentence to be reasonable. Likewise, we do not find that the district court made an error of law or fact. Consequently, we conclude that the district court did not abuse its discretion and we affirm its decision.

Affirmed.